Bank of Am., N.A. v Alrasheed (2021 NY Slip Op 05848)





Bank of Am., N.A. v Alrasheed


2021 NY Slip Op 05848


Decided on October 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
BETSY BARROS
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.


2018-12010
 (Index No. 14222/12)

[*1]Bank of America, N.A., appellant,
v
Zamerul Alrasheed, et al., respondents, et al., defendants.


The Margolin & Weinreb Law Group, LLP, Syosset, NY (Alan H. Weinreb and Tiffany L. Henry of counsel), for appellant.
Salfarlie, Salfarlie & Associates, Jamaica, NY (Steven Alexander Biolsi of counsel), for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated April 4, 2018. The order denied those branches of the plaintiff's motion which were (1), in effect, to vacate so much of an order of the same court dated March 2, 2017, as, in effect, granted that branch of the unopposed cross motion of the defendants Zamerul Alrasheed, Neezamadeen Alrasheed, and Aftab Alrasheed which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, and (2) for leave to reargue those branches of its prior motion which were for leave to enter a default judgment against those defendants and for an order of reference, which had been denied in the order dated March 2, 2017.
ORDERED that the appeal from so much of the order dated April 4, 2018, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order dated April 4, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendants Zamerul Alrasheed, Neezamadeen Alrasheed, and Aftab Alrasheed.
In May 2007, the defendants Zamerul Alrasheed, Neezamadeen Alrasheed, and Aftab Alrasheed (hereinafter collectively the defendants) executed a note in favor of the plaintiff in the principal sum of $495,000, which was secured by a mortgage against certain real property. In July 2012, the plaintiff commenced this action to foreclose the mortgage against, among others, the defendants. The defendants failed to timely appear or answer the complaint.
In September 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendants and for an order of reference. The defendants cross-moved, among other things, pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. The plaintiff did not oppose the defendants' cross motion. In an order dated March 2, [*2]2017, the Supreme Court denied the plaintiff's motion and, in effect, granted that branch of the defendants' unopposed cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned. The plaintiff then moved, among other things, in effect, to vacate so much of the order dated March 2, 2017, as, in effect, granted that branch of the defendants' unopposed cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against them as abandoned, and for leave to reargue those branches of its prior motion which were for leave to enter a default judgment against the defendants and for an order of reference. In an order dated April 4, 2018, the court, inter alia, denied those branches of the plaintiff's motion. The plaintiff appeals.
Here, the plaintiff does not raise any contention on appeal that it established a reasonable excuse for its default in opposing the defendants' cross motion (see CPLR 5015[a][1]), nor does the plaintiff set forth any other basis for vacatur of so much of the order dated March 2, 2017, as, in effect, granted the defendants' cross motion. Thus, the plaintiff has not advanced any potential basis to grant that branch of its motion which was, in effect, to vacate that portion of the order dated March 2, 2017.
CHAMBERS, J.P., BARROS, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court